IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA MULKEY, | : | Case No. 1:04CV269 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | DENYING MOTION FOR |
| BOARD OF EDUCATION, | : | ATTORNEY FEES AND DENYING |
| ROCK HILL LOCAL SCHOOL DIST., et al., | : | MOTION FOR EVIDENTIARY |
| | : | HEARING AS MOOT |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion for Attorney Fees (doc. 27), Plaintiff's Response in Opposition (doc. 32), and Defendants' Reply (doc. 35). Also before the Court are Plaintiff's Response to this Court's Order to Show Cause (doc. 33), Plaintiff's Request for Evidentiary Hearing (doc. 34), and Defendants' Opposition to Plaintiff's Motion for Evidentiary Hearing (doc. 36). For the following reasons, the motion for attorney fees is DENIED and the motion for evidentiary hearing is DENIED as moot.

**I.    FACTS**

Plaintiff brought this civil rights action against Defendants claiming that they retaliated against her for exercising her First Amendment rights and violated her and her son's First Amendment right to privacy. (Doc. 1.) The Court granted summary judgment to Defendants after finding that Plaintiff had failed to meet the threshold inquiry in a § 1983 action of demonstrating the deprivation of a clearly established constitutional right. (Doc. 23.) Specifically, the Court found that Plaintiff had presented no evidence to support her First Amendment retaliation or right to privacy claims. Defendants then moved this Court to grant them an award of their attorney fees incurred in defending the action.

1

**II.    ANALYSIS**

Pursuant to 42 U.S.C. § 1988, a district court "may allow the prevailing party [in a § 1983 action] . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Although the language of the statute does not distinguish between a prevailing plaintiff and a prevailing defendant, legislative history and case law demonstrate that the standards are distinct. *See*, *e.g.*, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978); *Tarter v. Raybuck*, 742 F.2d 977, 984 (6th Cir. 1984) (noting that the legislative purpose behind § 1988 is "to provide an opportunity for private citizens to vindicate important constitutional rights"). Thus, "while prevailing plaintiffs are entitled to attorneys fees under that statute in all but special circumstances, prevailing defendants are entitled to attorneys fees must less frequently." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985) (citing *Christiansburg Garment*, 434 U.S. at 417-18). A prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment*, 434 U.S. at 421)). The Supreme Court has cautioned that in making this evaluation, a district court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment*, 434 U.S. at 421-22. The decision to award attorney's fees is committed to the sound discretion of the trial judge. 42 U.S.C. § 1988.

Without doubt, as discussed fully in the Order granting Defendants' motion for summary judgment (doc. 23), Plaintiff's complaint and her memorandum in opposition to Defendants'

motion for summary judgment failed to elucidate the precise nature of her § 1983 claim. While she purportedly relied on the First Amendment as the basis for her retaliation claim, she alleged no facts sufficient to support a finding that she engaged in any protected speech. Neither did she articulate a claim for violation of a right to privacy under the First Amendment. The sloppy construction of the complaint, combined with an equally hapless objection to Defendants' motion for summary judgment, made this Court's job in resolving the Defendants' motion needlessly difficult.[1]

All this notwithstanding, having reviewed Plaintiff's belated response to Defendants' motion for attorney fees, the Court cannot say that the pursuit of this lawsuit was so frivolous and lacking in foundation that an award of attorney's fees is warranted. It appears, rather, that Plaintiff's pursuit of the lawsuit was the result of her counsel's misinterpretation and misapplication of *Unroe v. Board of Education Rock Hill Local School District*, Order Granting in Part Mot. Summ. J., No. 1:04cv181, 2006 WL 22081 (S.D. Ohio, January 4, 2006). In *Unroe*, the court denied the school district's motion for summary judgment on the plaintiffs' § 1983 claims. The court found that there were genuine issues of material fact as to the Unroes' due

---

[1] This is not the first time briefing from these same attorneys has invoked consternation from this Court. As noted by Senior Judge Spiegel in his Opinion and Order granting in part and denying in part defendants' motion for summary judgment in *Unroe v. Board of Education Rock Hill Local School District*, 2006 WL 22081 (S.D. Ohio, January 4, 2006), "the Motions, Responses, and Replies filed by the Parties in this matter are often confusing and wrought with misspelled words, incomplete text, and text obviously copied and pasted from one document into another without carefully ensuring that the pasting is complete and void of typos or odd characters. Furthermore, several arguments raised by both Parties are simply ignored by the other, to the extent that the Court is left with a one-sided argument in many instances. As such, deciphering all of the Parties' Motions was rendered more difficult than it otherwise should have been." *Id*. at *7. Judge Spiegel further admonished in that case, "more careful attention to detail and clarity should be utilized by Counsel for both sides in the future." *Id*. Unfortunately, Plaintiff's briefing in this case, filed after the Opinion in *Unroe*, demonstrated a complete failure to heed Judge Spiegel's admonition.

process claim, which concerned the right to "direct the education and upbringing of one's children." *Id*. at \*14.[2]  In so finding, the court relied in part on an affidavit made by the Plaintiff in this case, Brenda Mulkey (who is referred to as Reynolds by the *Unroe* court), in which she claimed that the Rock Hill school nurse reported her to Family Services after she complained to the school that her diabetic son was not receiving the special assistance he required. *Id.*  The court concluded that "[t]he testimony of . . . Reynolds, coupled with that of the Unroes, is sufficient to raise genuine issues of material fact as to whether children with disabilities were unfavorably treated by the District . . . ." *Id.*

Although *Unroe* involved entirely different facts (most significantly that Brent Unroe was an employee of the school district who was terminated after allegedly mistreating students in his classroom), and although the *Unroe* court relied on Mulkey's affidavit testimony as a ground for preserving the Unroe's due process, not First Amendment, claim, Mulkey's counsel apparently interpreted the court's opinion as permitting, under the facts alleged in her Complaint, a First Amendment right to privacy claim.

In no way does the opinion and order in *Unroe* support Plaintiff's claims in this case, particularly in light of Mulkey's deposition testimony which sufficed to demonstrate glaring factual differences between her case and that of the Unroes.  However, it appears from Plaintiff's

---

[2] The fundamental right of parents to direct their children's upbringing and education derives from the Fourteenth Amendment.  *See Meyer v. Nebraska*, 262 U.S. 390, 400 (1923) (reversing the conviction of a school teacher who had been convicted of teaching German to a ten-year-old, reasoning that "the right of parents to engage him so to instruct their children ... [is] within the liberty of the [Due Process Clause of the Fourteenth] Amendment.").  Accordingly, to the extent Plaintiff had desired to state a claim pertinent to the upbringing and education of her son, such a claim would only have been cognizable under the Fourteenth, not First, Amendment.

opposition to the motion for fees, supported by the affidavit of John C. Camillus, co-counsel in the *Unroe* case, that this fact was completely lost upon Plaintiff's counsel.

Nevertheless, while Plaintiff's pursuit of her lawsuit reveals poor judgment and imprecise lawyering, the Court cannot say that it was entirely frivolous because the constitutional foundation of a § 1983 claim alleging a violation of the right of a parent to direct his or her child's education and upbringing is not sharply defined in this Circuit. While there is no precedent that actions such as those allegedly taken by the Defendants in this case violated a clearly established constitutional right, there is case law holding that parents have a constitutionally protected liberty interest in raising and directing the education of their children. *Barrett v. Steubenville City Sch.,* 388 F.3d 967, 974 (6th Cir. 2004).

In *Barrett*, the plaintiff was a school teacher whose employment with the public school was conditioned upon him withdrawing his son from private school and enrolling him in public school. Plaintiff filed suit against the school alleging that conditioning his employment on enrolling his son in public school violated his parental rights. The Sixth Circuit found that the plaintiff stated a cause of action under § 1983 because a parent's right to direct his child's education is clearly established, and a state employer cannot condition employment upon the waiver of that right. *Id*. at 974. While the Sixth Circuit recognized plaintiff's parental rights claim, it did not specifically discuss in what constitutional amendment the right inhered. Nonetheless, the cases cited by the *Barrett* court illustrate that the right originates in the Due Process Clause of the Fourteenth Amendment. *Id*. at 972 (citing, for example, *Meyer v. Nebraska*, 262 U.S. 390, 400 (1923)).

The common thread in both *Barrett* and *Unroe* was that the plaintiffs brought § 1983 claims against school defendants alleging violations of their right to direct their children's education *after their employment with the school had been terminated*. Obviously, such a fact scenario differs radically from the one presented by the Plaintiff in this case. Nonetheless, because the courts' opinions in those cases did not specifically parse the nature and origin of the constitutionally protected parental right, it is conceivable that Plaintiff's counsel in this case misconstrued precedent and was not, in fact, intentionally pursuing what was a groundless case.[3]

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendants' Motion for Attorney Fees and DENIES as moot Plaintiff's Motion for Evidentiary Hearing.

IT IS SO ORDERED.

    s/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[3] Neither was this Court obliged to infer from any facts alleged in this case a sustainable § 1983 claim. *See*, *e.g.*, *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) (finding that plaintiff could not establish a § 1983 claim for violation of the Fourth Amendment, "even one that seems obvious based upon the allegations in th[e] case, where none was pled by the [plaintiffs] or addressed in their opposition to the defendants' motion for summary judgment").